The PEOPLE of the State of Colorado, Complainant,

v.

Thomas J. ARON, III, Attorney–Respondent.

No. 98SA115.

Supreme Court of Colorado, En Banc.

July 6, 1998.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Thomas J. Aron, III, Pro Se, Estes Park.

PER CURIAM.

A hearing panel of the supreme court grievance committee approved the findings and recommendation of a hearing board that the respondent, Thomas J. Aron, III, be suspended for thirty days from the practice of law. We accept the recommendation and suspend Aron for thirty days.

I.

The respondent was admitted to practice law in Colorado in 1967. Since he did not answer the formal complaint filed against him, the hearing board entered a default against him. The allegations of fact contained in the complaint were therefore deemed admitted. *See* C.R.C.P. 241.13(b); *People v. Paulson,* 930 P.2d 582, 582 (Colo. 1997). Based on the default and the evidence presented, the hearing board found that the following had been established by clear and convincing evidence.

In the spring of 1994, Alexis Hartz Wolfe filed a pro se motion in La Plata County District Court to obtain full custody of her two sons who lived with their father in the Durango area during the school year. The boys spent their summers with Wolfe who lived in Phoenix, Arizona. She withdrew the motion after her ex-husband convinced her that she would be unsuccessful in La Plata County.

She hired Aron about May 2, 1994, a month before the boys were scheduled to come and stay with her. She explained that she did not believe she would get a fair hearing in La Plata County. Aron researched whether Arizona might take jurisdiction of the custody matter. He reviewed the Arizona Uniform Child Custody Jurisdiction Act, *see* Ariz.Rev.Stat. Ann. §§ 8–401 to –424 (1989) (now renumbered at §§ 25–431 to –454 (1997 Supp.)). Aron read the Act as allowing Arizona courts to exercise jurisdiction over children physically present in the state for six months and when there is a showing of detriment to the health or safety of the children. In early June 1994, Aron informed Wolfe that she might be able to keep the children with her in Arizona until the six-month period had elapsed. He also indicated that it was possible to obtain an Arizona court order that would change custody. He provided her with a list of things to do, including gathering evidence immediately. Aron failed to tell her, however, that keeping the boys with her in violation of the Colorado custody order could constitute a felony under Colorado law. Section 18–3–304(2), 6 C.R.S. (1997) provides:

> (2) Any parent or other person who violates an order of any district or juvenile court of this state, granting the custody of a child under the age of eighteen years to any person, agency, or institution, with the intent to deprive the lawful custodian of the custody of a child under the age of eighteen years, commits a class 5 felony.

Aron also failed to discover that the six-month period for Arizona assuming jurisdiction would not apply if any part of the children's six-month residence was in violation of a court order. *See* Ariz.Rev.Stat. Ann. § 8–408(A), (B) (1989).

He did advise her that she would have to hire counsel in Arizona to file motions in that state. Wolfe contacted two Arizona lawyers in the summer of 1994, both of whom told her not to keep the boys in Arizona past her parenting time deadline of August 23, unless she obtained an order from the Colorado court.

After talking to the Arizona lawyers, Wolfe asked Aron about the risks involved in keeping the children past the time they were supposed to go to their father. Aron told her that there was some risk that an Arizona court might not take jurisdiction and that there might be a violation of the Colorado custody order. He did not advise her of the criminal consequences, however. Based on this advice, and ignoring the Arizona lawyers' warnings, Wolfe kept the boys beyond her parenting time deadline.

A warrant for Wolfe's arrest was issued in La Plata County in October 1994. The children were taken into protective custody in

Arizona and then returned to Colorado. Wolfe was arrested, charged and tried for felony violation of a custody order. *See* § 18–3–304. She received a deferred sentence from the court, based in part on her reliance on Aron's advice regarding keeping her children with her in Arizona.

 The hearing board concluded that Aron's legal advice to Wolfe was incompetent. He was either unaware of, or mistaken about, the criminal consequences of violating a child custody order. He also failed to adequately research the issues involved before giving legal advice. His conduct violated Colo. RPC 1.1 (failing to provide competent representation to a client), and Colo. RPC 8.4(d) (engaging in conduct prejudicial to the administration of justice).

## II

 The hearing panel approved the board's recommendation that Aron be suspended for thirty days. The complainant has not excepted to the recommendation. In response to this court's citation to him to file exceptions, Aron has filed an election not to file exceptions. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & 1992 Supp.) (ABA *Standards*), in the absence of aggravating or mitigating circumstances, "[s]uspension is generally appropriate when a lawyer engages in an area of practice in which the lawyer knows he or she is not competent, and causes injury or potential injury to a client." *Id.* at 4.52.

On the other hand, public censure is an appropriate sanction when a lawyer: "(a) demonstrates failure to understand relevant legal doctrines or procedures and causes injury or potential injury to a client; or (b) is negligent in determining whether he or she is competent to handle a legal matter and causes injury or potential injury to a client." *Id.* at 4.53.

Aron has substantial experience in the practice of law, which is an aggravating factor for purposes of determining the proper level of discipline. *See id.* at 9.22(i). His failure to participate meaningfully in these proceedings is also troubling. *See id.* at 9.22(e). In mitigation, Aron has not been previously disciplined in over thirty years of practice. *See id.* at 9.32(a). The board also found that Aron did not have a dishonest or selfish motive. *See id.* at 9.32(b).

Mainly because of the magnitude of the harm in this case, which involved his client's criminal conviction, we believe that at least a short suspension is warranted. Accordingly, we accept the hearing panel's and board's recommendation.

## III

It is hereby ordered that Thomas J. Aron, III, be suspended from the practice of law for thirty days, effective thirty days after the issuance of this opinion. It is ordered that Aron pay the costs of this proceeding in the amount of $150.63 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.